UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WORLD FUEL SERVICES, INC.**                             **CIVIL ACTION**

**VERSUS**                                                **NO. 10-4605**

**SE SHIPPING LINES PTE., LTD.**                          **SECTION "K"(3)**

## ORDER AND OPINION

Before the Court is the "Motion for Reconsideration and for Further and/or Alternative Relief" filed on behalf of defendant S.E. Shipping Lines Ptc. Ltd. ("SESL") (Doc. 27). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the motion in part and grants it in part.

BACKGROUND

On December 23, 2010, pursuant to Rule B of the Supplemental Rules –Admiralty or Maritime Claims and Asset Forfeiture Actions, World Fuel Service, Inc. ("World Fuel") obtained an order granting its request for issuance of a writ of maritime attachment and garnishment, allowing it to attach bunkers aboard the M/V SE VERDIGRIS, a vessel owned, managed operated or chartered by SESL. The writ of attachment issued after World Fuel filed a verified complaint alleging that it had provided bunkers and related products to vessels owned, managed, operated or chartered by SESL, and that World Fuels had not been paid timely for those products resulting in additional charges for contractually agreed upon interest and expenses totaling $773,494.44 being owed to it by SESL. Following the attachment of the bunkers, defendant SESL filed a "Motion to Vacate Attachment" (Doc. 15) asserting in part that attachment of the bunkers was improper because SESL did not own the bunkers aboard the M/V

SE VERDIGRIS.

Following a hearing on December 29, 2010, the Court denied defendant's motion concluding that SESL:

> does have an interest [in the bunkers] for the purposes of supplemental Rule B in maritime law. What that interest is is still not determined; but I find at least it's a right to possession, which can be seized. Clearly they are utilizing the fuel, have a right to possess it and apparently have a right to sell it. And it's not clear to me which one of the entity –although, [counsel for defendant] made a very logical argument about the residual being owned by the financing entity THV and the new bunkers, the recently purchased bunkers, title would be retained by GEFO until such time as it is paid for, which would indicate that to me if we applied this literally, SSL, the charter[er] of the vessel, would never own the bunkers, literally. But I find that there is sufficient interest for the purpose of this hearing, I understand it's preliminary, to be attached. And that they have standing likewise to make the argument that they're making, to dissolve.

Doc. 27-3, p. 10-11.

Defendant now urges the Court to reconsider its prior denial of the motion to vacate the attachment or alternatively to reduce the amount of security required of SE Shipping. Defendant also seeks an order permitting it to conduct expedited discovery on plaintiff's claim as well as a preliminary injunction prohibiting plaintiff from seizing or attaching any additional property of defendant.

## LAW AND ANALYSIS

Because defendant filed this motion within twenty eight (28) days of the Court's entry of the December 29, 2010 order denying defendant's motion, the Court addresses the motion under Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or

raised before the entry of judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It is well established that reconsideration is an "extraordinary" remedy and that it should be used only sparingly. *Id.; see also* 11 Wright, Miller & Kane, Federal Practice and Procedure §2810.1 (2nd ed. 1995). To be entitled to relief under Rule 59(e), mover must clearly establish either a manifest error or law or fact or must present newly discovered evidence." *Pender v. Barron Builders & Management Co.*, 298 Fed. Appx. 298, 299, 2008 WL 4690508 (5th Cir. October 24, 2008).

Defendant asserts that Rule B permits attachment of a defendant's property only when the defendant has full ownership of the property sought to be attached, and therefore urges that the Court made a manifest error of law in declining to vacate the attachment based on SESL's mere possessory interest in the property. Rule B(1)(a) provides that subject to the conditions enumerated in that section, "a verified complaint may contain a prayer for process to attach the defendant's tangible and intangible personal property– up to the amount sued for– in the hands of the garnishee named in the process." Rule B does not identify the specific legal interest in the property that a defendant must have before it is subject to seizure. In its prior ruling, the Court concluded that defendant had at least a right of possession, a legal interest, in the bunkers. Considering that legal interest in the bunkers, the Court concludes that its prior denial of the motion to vacate was not based on a manifest error of law. *See Aifos Trade, SA v. Midgulf International Ltd.*, 2006 U.S. Dist. LEXIS 97549 (S.D. N.Y. May 1, 2006).

Having declined to vacate the writ of attachment, the Court now turns to defendant's alternative request that the required amount of security should be dismissed. Following the Court's denial of the motion to vacate, SESL posed security in the amount of $354,412.00

representing the value of the bunkers aboard the vessel at the time the attachment commenced. SESL asserts that a reduction in the amount of security is warranted because "the Court was seemingly concerned with the idea that SESL could possess and even burn the bunkers but not necessarily own them." Based on that "concern" defendant seeks to reduce the security to the value of the bunkers burned while the M/V SE VERDIGRIS was in this jurisdiction, i.e., $15,000.00. Defendant misconstrues the Court's comments regarding the burning of the bunkers. Those comments were solely related to the issue of whether the defendant had an interest in the bunkers, and are therefore not relevant in addressing the issue of the proper security.

Defendant also urges that security of $106,219.03 is sufficient because that is the true value of plaintiff's claim. Plaintiff's verified complaint seeks $773,494.44. Plaintiff's apparent willingness to resolve its claim with SESL for $106,494.44 prior to filing suit is not dispositive of the issue of proper security for plaintiff's claim. Therefore, the motion to reduce security is denied.

Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, defendant seeks an order permitting it to undertake discovery related to the quantum and nature of plaintiff's claim. The motion is granted. Defendant may take the deposition of Lori Cooperider, related to the "final demand letter" she sent SESL seeking $106,219.03 prior to the filing of this suit. Additionally, SESL may propound to plaintiff requests for production of documents relating to how SESL's payments to plaintiff were allocated and the steps taken by plaintiff to collect the alleged outstanding debts from SESL as well as third parties.

Additionally, defendant seeks a preliminary injunction to prevent any plaintiff from

further attaching or seizing SESL's property. It is well established that a preliminary injunction should issue only if the moving party establishes the following:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disservice the public interest.

*Palmer v. Waxahachie Independent School District*, 579, F.3d 502, 506 (5th Cir. 2009).

The record does not presently support a conclusion that there is a substantial likelihood that defendant will be successful on the merits. As noted previously, plaintiff's prior offers to resolve the dispute between the parties is not determinative, per se, of the value of plaintiff's claim. The failure to satisfy this first requirement for the issuance of a preliminary injunction obviates the need to analyze the remaining requirements for the granting of a preliminary injunction. Accordingly, the motion is denied to the extent it seeks a preliminary injunction.

New Orleans, Louisiana, this 4th day of February, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE