UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WORLD FUEL SERVICES, INC.**                                                   **CIVIL ACTION**

**VERSUS**                                                                                    **NO. 10-4605**

**SE SHIPPING LINES PTE LTD.**                                             **SECTION "K"(3)**


### ORDER AND REASONS

Before the Court are World Fuel Services' Motion for Summary Judgment (Doc. 49) and World Fuel Services' Motion to Dismiss, or Alternatively, for Summary Judgment Against, SE Shipping Lines PTD LTDs Counterclaim and Defenses. (Doc. 55). Having reviewed the pleadings, memoranda and the relevant law, the Court finds that the defenses of waiver, equitable estoppel, and accord and satisfaction are unavailable to defendant; however, there are material question of fact concerning the issue of quantum precluding the entry of judgment in that regard.

**Background**

SE Shipping Lines PTE LTD ("SESL") and World Fuel Services, Inc. "World Fuel" entered into agreements for the sale and purchase of bunkers for use on ships operated by SESL and agreed that World Fuel's General Terms and Conditions controlled those agreements. (Statement of Undisputed Material Facts No. 1, Doc. 49-2) (hereafter "SOF"). A series of deliveries of fuel were made to SESL between at least March, 2009 and August, 2010. The dates of deliveries and the payment due dates are undisputed. (SOF No. 2). Under the General Terms and Conditions payment for bunker purchases were required to be made in full on or before the due date set forth in the invoice.

Specifically, Paragraph 7 of the General Terms and Conditions concerns payment under the contract, and subparagraph (c) provides for past due amounts to accrue interest and to be subject to an administrative fee should the amounts at issue be more than 15 days past due. In addition, the relevant provision states:

> All payments received from [SESL] after an invoice is overdue shall first be applied to interest, legal collection costs and administrative fees incurred before they will be applied to the principal amounts on a subsequent delivery. [SESL] may not designate application of funds to a newer invoice so long as there are any unpaid charges, interest, collection costs or administrative fees on a previous one. **This shall not be construed, however, as preventing [World Fuels'] option to choose application of funds in instances where subsection (h) below shall apply. Any waiver by [World Fuels] of interest charges or administrative fees on a particular invoice shall not be construed as a waiver by [World Fuels] of its right to impose such charges on subsequent deliveries.**

(Doc. 54-1, Exh. 4, p. 17 of 50, at 21) (emphasis added). Subparagraph (h) also provides:

> In the event that more than one invoice is past due at the same time, [World Fuels] shall be entitled, at is sole discretion, to specify the particular invoice to which any subsequent payments shall be applied.

*Id.*

Paragraph 15 entitled "Additional Provisions" states at subparagraph (b):

> No waiver of any of the provisions of this Agreement **shall be effective unless it is in writing and signed by the party against whom it is asserted**, and any such waiver shall only be applicable to the specific instance to which it relates and shall not be deemed to be a continuing or future waiver of any breach.

*Id.* at 26 (emphasis added).[1]

Thus, for a period of time, SESL paid for bunkers supplied after the stated due date set out on the corresponding invoices and did not pay interest on those amounts. (SOF No. 6;

---

[1] Paragraph 17 provides that "The General Terms and each Transaction shall be governed by the General Maritime Law of the United States and, in the event that the General Maritime Law of the United States is silent on the disputed issue, the law of the state of Florida, without reference to any conflict of laws rules which may result in the application of the laws of another jurisdiction." (Doc. 54-1, p. 28 of 50).

Defendant's Response to Plaintiff's Statement of Undisputed Material Facts No. 6 ("RSOF")). As characterized by SESL, World Fuel "did not seem to mind." Apparently on a number of occasions, the Singapore representative of World Fuel "explained"[2] that interest invoices were generated automatically by the World Fuel billing system and could in fact be ignored. (Declaration of Gaurav Bansal, CEO of SESL, Doc.. 54-1, Exh. 1, ¶5). Furthermore, SESL was never invoiced for administrative fees. *Id.* at ¶ 6.

By August of 2010, the issue of interest payments came to a head. Kevin Bryant, a Vice-President with World Fuel, apparently met with principals of SESL and explained that by virtue of the late payments, World Fuel had incurred financing costs for the delays totaling late-payment interest in the amount of $85,592.43. (Doc. 54-1, Exhibit 3, e-mail correspondence dated 17 August 2010). Three alternative resolutions to this dilemma were offered. *Id.* None was implemented by SESL. World Fuels then apparently visited SESL's offices again on September 28, 2010. At that time, its representative presented SESL with a copy of a statement of account with unpaid and outstanding invoices for a total of $106,219.03. World Fuels sought immediate payment of that amount by December 9, 2010 and warned that failure to do so would result in World Fuels beginning legal collections actions. (Doc. 49-5, Page 1 of 2, E-mail dated 3 December 2010 from Jos Heijmen, Senior Vice-President Risk Management of World Fuel Services).

On December 7, 2010, Capt. Alay K. Sharma of SESL responded stating that nothing was due. He cited Paragraph 7 of the General Terms and Conditions. Based on SESL's interpretation of the contract, he contended that any claim or potential claim by World Fuel had

---

[2]This explanation was apparently verbal as the Court is unaware of any written proof of a waiver of interest payments.

been waived because World Fuel had never even suggested that it wished to apply any overdue sum to the principal mount on any subsequent invoice as provided in Paragraph 7(h). (Doc. 54-1, Page 32 of 50, Exh. 6, e-mail dated 7 December 2010 from Operations-SE Shipping to Jos Heijmen).  Apparently by e-mail of December 13, 2010, Jos Heijmen for World Fuels gave SESL one last opportunity to pay $106,219.00 by the 14th of December to avoid legal collections action.  (Doc. 54-1, p. 34, Exh. 7).  SESL refused and with that, the instant suit was filed by World Fuels on December 22, 2010.

World Fuels now contends that by using the payment allocation formula as set forth in the General Terms and Conditions and applying all SESL payments to outstanding interest, administrative fees and invoices, SESL is indebted to World Fuels in the amount of $773,494.44 as of December 13, 2010.  SESL argues that this *"ex post facto"* application of the terms of the contract is improper and that the legal doctrines of waiver, equitable estoppel, and/or accord and satisfaction at a minimum preclude any recovery by WFS.  SESL also relies on the Court's decision *World Fuel Serv., Inc v. MAGDALENA GREEN M/V,* E.D.LA. C.A. No. 11-452, Doc. 34 for the proposition that it does not owe any amount to World Fuels.

In the *MAGDALENA GREEN* matter, which was filed on February 23, 2011, the issue presented was whether a valid maritime lien on the M/V MAGDALENA GREEN existed by virtue of bunkers that had been provided by World Fuels to that vessel.  A specific e-mail was presented therein which indicated unequivocally that World Fuels had considered that invoice satisfied.  Indeed, in response to a request for reconfirmation of this, World Fuels wrote, "Thanks - confirmed all paid." (Doc 14, Ex. C, C1-C2). WFS then generated a receipt confirming the payment, which detailed the total paid to be $241,520.24, with $74,180.56 for the M/V UTA and

4

$167.339.68 for the M/V MAGDALENA GREEN. (Doc. 14, Ex. D) in C.A. No.11-452. Based on that writing the Court granted the time charterer's motion to vacate the arrest of the M/V MAGDALENA GREEN. The Court notes that the third page of Exhibit "D" in the MAGDALENA case consists of another invoice (Doc. 14-5 p. 3 of 3) which recognizes that $167,309.68 was received on September 16, 2010 and that World Fuel charged SESL's account for 11 days of interest at 2.00% (05-SEP-10 to 16-SEP-10) per month pro rata. Nonetheless, all that was decided by this Court in that case at the time was that World Fuels had relinquished any maritime lien on the vessel. The decision did not address the contractual rights vis-s-vis World Fuel and SESL.

With that as background, the Court will now turn to the legal issues at hand.

**Standard for Motion for Summary Judgment**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996), citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with

"specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

"A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. The Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010).[3]

---

[3] In its opposition to World Fuel's motion, SESL contends that the motion is premature and that the Court should defer ruling on it as provided by Fed. R. Civ. P. 56(d); however, the Court finds no merit in this assertion. As discussed, *infra*, the terms of the contract at issue are clear.

**Analysis**

**A.     World Fuel Services' Motion for Summary Judgment**

In the case at bar, World Fuel maintains that based on the contractual provisions of the General Terms and Conditions outlined above, that SESL owes World Fuels $773,494.44, plus all costs and expenses, including attorneys fees, associated with World Fuels collection efforts against SESL.  In response, SESL contends that under the legal doctrines of waiver, equitable estoppel and accord and satisfaction, there are issues of material fact that preclude the relief sought by motion.

     **Waiver**

SESL argues that under Florida law,[4] World Fuels has waived its right to the additional payments it seeks.  "Waiver is 'the intentional relinquishment of a known right.'" *WSG W. Palm Beach Dev. LLC v. Blank*, 990 So.2d 708, 715 (Fla.4th DCA 2008) (citation omitted). Furthermore, "it is axiomatic that . . . [a] party may waive any rights to which he or she is legally entitled, by actions or conduct warranting an inference that a known right has been relinquished.'" *Sacred Heart Health Systems, Inc. v. Humana Military Healthcare Services, Inc.*, 601 F.3d 1159, 1181 (5th Cir. 2010).  However, the common law rule of wavier can be modified by contract.  *Id.* at 1182.  As noted in *Sacred Heart Health Systems* by the United States Court of Appeals for the Fifth Circuit:

> "Florida courts have consistently enforced [anti-waiver] clauses," *Nat'l Home Communities, L.L.C. v. Friends of Sunshine Key, Inc.*, 874 So.2d 631, 634 (Fla.Dist.Ct.App.2004), . . . . In *Rybovich Boat Works, Inc. v. Atkins*, 587 So.2d 519 (Fla.Dist.Ct.App.1991), for example, the court strictly enforced an anti-

---

[4]SESL contends that waiver has been fully developed under Florida law, but not so with respect to the United States General Maritime Law.  It appears that World Fuels has for the most part relied on Florida law as well.  Thus, the Court applies Florida law on waiver for purposes of this issue.

> waiver clause providing that "no waiver of any rights or obligations hereunder shall be deemed to have occurred unless in writing signed by the party against whom such waiver is asserted and no waiver shall be deemed a wavier of any other or subsequent right or obligation;" the court held that the 'buyer's affirmative defenses of waiver and estoppel were defeated as a matter of law by the provisions of the contract itself.' *Id.* at 522.

*Id.* at 1182-83.

Clearly, the provisions of the General Terms and Conditions contemplate past due amounts to accrue interest and to be subject to an administrative fee if an amount is more than 15 days past due. (Doc. 54-1, Exh. 4, ¶ 7(c) , p. 17 of 50, at 21). The contract also provides that payments received after an invoice is overdue "shall be" applied to interest, legal collection costs and administrative fees before being applied to principal amounts on a subsequent delivery. In addition, as noted above, World Fuel can choose to which invoice it applies funds where more than one invoice is past due.

The most salient of the contract provisions are the anti-waiver clauses contained therein. Subparagraph 7(c) states "Any waiver by [World Fuel] of interest charges or administrative fees on a particular invoice shall not be construed as a wavier by [World Fuels] of its right to impose such charges on subsequent deliveries." (Doc. 54-1 p. 21 of 50). Moreover, Paragraph 15(b) provides specifically, "No waiver of any of the provisions of this Agreement shall be effective unless it is in writing and signed by the party against whom it is asserted, and any such waiver shall only be applicable to the specific instance to which it relates and shall not be deemed to be a continuing or future waiver of any breach." (Doc. 54-1, P. 26 of 50). This provision is nearly identical to that found in *Sacred Heart Health Systems*. Thus, clearly, from the contractual language, and under Florida law, this anti-waiver clause must be enforced. SESL's contentions are without merit in this regard as the Court has not found any specific written and signed waiver

with regard to any interest fees including that concerning the M/V MAGDALENA GREEN considering that the e-mail stating "Paid in Full" was accompanied by a new invoice for interest due.

**Equitable Estoppel**

The United States General Maritime Law recognizes the doctrine of equitable estoppel which is based on " a notion of fair dealing and good conscience. It is designed to aid the law in the administration of justice where without its aid injustice might result." *Gibbs ex rel. Gibbs v. Carnival Cruise Lines*, 314 F.3d 125, 133 (3rd Cir. 2002) citing *Marine Transp. Svcs. Seas-Barge Group, Inc. v. Python High Perf. Marine Corp.*, 16 F.3d 1133, 1138 (11th Cir. 1994) (internal quotation omitted). As stated by Justice Breyer in *Oxford Shipping Co., Ltd. v. New Hampshire Trading Corp.*, 697 F.2d 1, 4 (1st Cir. 1982) and cited in *Gibbs*:

> Traditionally, the doctrine of equitable estoppel operates to preclude a party who has made representations of fact through his words or conduct from asserting rights which might perhaps have otherwise existed as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquired some corresponding right.

*Gibbs*, 314 F.3d at 133. As such, three elements must be satisfied for the doctrine to apply: (1) a representation of fact by one party contrary to a later asserted position; (2) good faith reliance by another party upon the representation; and (3) a detrimental change in position by the later party due to the reliance. *Marine Transp. Svcs.,* 16 F.3d at 1139.[5]

SESL maintains that World Fuel changed its position with regard to SESL's liability for interest charges and administrative costs because World Fuel applied payments to the actual costs of the bunkers initially and has since reversed course applying the amounts first to interest

---

[5]These elements as defined under maritime law are similar to that of Florida's equitable estoppel law. *Id.*at n.8; *Eclipse Medical, Inc. v. American Hydro-Surgical Instruments, Inc.*, 262 F.Supp.2d 1334 (S.D. Fla. 1999)

9

and administrative costs where these had "never been mentioned."  Next SESL contends that it relied on the alleged representations that World Fuels would not pursue a claim for interest charges and administrative costs.  SESL maintains had it known that World Fuels would take such a position, it would not have continued doing business with it satisfying the second element.  Finally, SESL argues that it suffered a change in position because World Fuel's course of dealing lulled SESL into believing that World Fuels would not claim interest and administrative cases and SESL "acted accordingly."

SESL's position ignores the clear, unambiguous terms of the contract.  For any waiver of any of the provision of the General Terms and Conditions to be effective, such waiver was required to signed, in this instance by World Fuels.  In addition, any such written waiver was made applicable only to the specific instance to which it related.  The contract specifically states that any waiver "shall not be deemed to be a continuing or future waiver of any breach." (Doc. 54-1, Exh. 4, p. 17 of 50, at 26, ¶ 15(b)).  Thus, SESL could not reasonably rely on any verbal "waiver", and it was on notice that even if it had received a written waiver, of which this Court is unaware, it would have pertained only to that particular invoice.  Thus, the doctrine of equitable estoppel is unavailable to SESL.

**Accord and Satisfaction**

Relying on Florida law,[6] defendant also contends that through the operation of accord and satisfaction, World Fuels has no claim. "An accord and satisfaction results when: (1) the parties mutually intend to effect a settlement of an existing dispute by entering into a superseding agreement; and (2) there is actual performance in accordance with the new agreement. Compliance with the new agreement discharges the prior obligations." *Martinez v. South Bayshore Towe, L.L.L.P.*,. 979 So.2d 1023 (Fla. App. 3rd Dist. 2008). Again, the Court finds that the clear, unambiguous terms of the contract were not overridden. Clearly, there was no intent on the part of World Fuels to come within the construct of accord and satisfaction. Waiver required specific written, signed action on the part of World Fuels as to each and every invoice that SESL contends was "satisfied". Furthermore, SESL's continued reference to the M/V MAGDALENA is misplaced since World Fuels presented it with a bill for interest contemporaneously with the confirmation of the payment in that instance. (Doc. 14, Ex. D) in C.A. No.11-452.

**Conclusion**

Thus, the Court finds that none of the defenses offered by SESL–waiver, equitable estoppel or accord and satisfaction–is available to it. However, the Court finds that as to quantum, there are material questions of fact that preclude a decision and World Fuel's motion for summary judgment in that respect shall be denied.

---

[6] Neither party has provided the Court with any briefing concerning accord and satisfaction under the general maritime law. As such, the Court will apply Florida law as discussed above in this instance.

11

B.  **World Fuel Services' Motion to Dismiss, or alternatively, for Summary Judgment Against, SE Shipping Line PTE Ltd. Counterclaim and Defenses**

World Fuel also has filed a Motion to Dismiss, or Alternatively, for Summary Judgment seeking the dismissal of SESL's counterclaim and its defenses.  Considering the foregoing analysis, this motion is rendered moot for the most part as a result of the Court's ruling concerning World Fuel Services' Motion for Summary Judgment (Doc. 49).   The Court will not strike SESL's answer at this stage of the proceedings.  Clearly, no prejudice has been suffered by World Fuel and such action would be overly draconian in light of the posture of the case.  As to the defenses raised in SESL's Answer and Counterclaim, in light of the Court's findings with respect to the validity of SESL's claims, these defenses have been rejected. Specifically as to the Eighth Defense concerning ownership of the bunkers and the Ninth Defense concerning the issue of whether SESL was found within this district, the Court has previously rejected both of these contentions when the Court denied SESL's Motion to Vacate and SESL's Motion for Reconsideration.

As to the counterclaims lodged, SESL's counterclaim for waiver has been rejected by the Court in this ruling and for the same reasons assigned herein, World Fuels' motion for summary judgment will be granted.  As to SESL's claim for wrongful attachment, it fails as the Court's findings demonstrate that World Fuel did not act in bad faith, malice or gross negligence, as required for such a cause of action to lie.  *Marastro Compania Naviera, S.A. v. Canadian Maritime Carriers, Ltd.*, 959 F.2d 49 (5th Cir. 1992).   Rather World Fuel acted as provided for and agreed to by SESL under the provisions of the General Terms and Conditions that governs the two parties' transactions.  Accordingly,

**IT IS ORDERED** World Fuel Services' Motion for Summary Judgment (Doc. 49) is **GRANTED** except with respect to quantum as there are material questions of fact at issue in that regard.

**IT IS FURTHER ORDERED** that World Fuel Services' Motion to Dismiss, or alternatively, for Summary Judgment Against, SE Shipping Line PTE Ltd. Counterclaim and Defenses (Doc. 55) is **DENIED** with respect to striking the Answer and Counterclaim, **GRANTED** with respect to the counterclaims brought by SESL and **MOOT** as to defenses alleged by SESL.

New Orleans, Louisiana, this 8th day of November, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE