UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WORLD FUEL SERVICES, INC.**                               **CIVIL ACTION**

**VERSUS**                                                          **NO. 10-4605**

**SE SHIPPING LINES PTE LTD.**                              **SECTION "K"(3)**

### ORDER AND REASONS

Before the Court is a Motion to Vacate Attachment and to Dismiss This Lawsuit for Lack of Subject Matter Jurisdiction (Doc. 85). In this second motion to vacate filed by defendant S.E. Shipping Lines PTE Ltd. ("SESL"), defendant now contends that the requirements to maintain a Rule B maritime attachment are not present and the maritime attachment in place should be vacated. In addition, SESL contends that because the claims asserted in this lawsuit are not maritime in nature, the Court has no subject matter jurisdiction over this dispute. Having reviewed the pleadings, memoranda and the relevant law, the Court will deny the motion.

The facts and circumstances surrounding this suit have been outlined in detail in previous rulings issued by this Court. As this motion was noticed for the last possible hearing date allowed under the scheduling order and considering the Court's belief that a swift decision is necessitated, the Court will dispense with a regurgitation of the facts of this case. Simply put, the gravamen of this dispute arises from bunkers being provided to defendant, alleged non-payment to the entity(ies) that supplied those bunkers and suit being filed to recover contractual damages for the alleged non-payment. Indeed, this Court on November 8, 2011, specifically found that defenses raised by SESL up to that time were without merit and that the quantum owed to World Fuel Service, Inc. ("World Fuel") was the only issue to be decided at trial. (Rec. Doc. 71).

Nonetheless, at this late juncture, SESL has raised the issue that World Fuel Services, Inc. is not the proper party to have brought this Rule B action because it is not the "real party in interest" as defined by Fed. R. Civ. P. 17(a). It contends that under the terms of The World Fuel Services Corporation Marine Group of Companies General Terms and Conditions ("the General Terms and Conditions"), only the "Confirmations" and the General Terms constitute the complete and exclusive agreement governing the transaction in question. A "Confirmation" consists of an e-mail, fax or other writing from the seller to buyer. Based on its review of the 49 "Confirmations" at issue herein, SESL maintains that World Fuel is not the proper party as it is not a signatory to any of these "confirmations"; rather the vast majority of them issued from World Fuel Services Europe, Ltd.

Rule 17(a) (1) of the Federal Rules of Civil Procedure states, "An action must be prosecuted in the name of the real party in interest." In the event a court finds that the prosecution of the suit has not been brought by a real party in interest, the court may not dismiss the action, but "after an objection, a reasonable time has been allowed for the real party in interest to ratify, join or be substituted into the action", the action proceeds as if had been originally commenced by the real party in interest. Fed. R. Civ. P. 17(a)(3).

"This provision requires the defendant to object in time to allow the opportunity for joinder of the ostensible real party in interest, and the defense may be waived if the defendant does no timely object." *In re Signal Infernal , L.L.C. ,* 579 F.3d 478, 487-88 (5th Cir. 2009) citing *Gogol in & Shelter v. Kahn's Auto Imps., Inc.*, 866 F.2d 100, 102) (5th Cir. 1989). Such objection is considered timely "so long as joinder of the real party in interest remains "practical and convenient.'" *Id.* A "[t]ardy objection is inconvenient when it hinders the 'goal of judicial

efficiency' or manifests the defendant's intention to 'lay behind the log' in ambush." *Id.* (citations omitted).   The Fifth Circuit Court of Appeals noted:

> There is no magic formula for determining practicality and convenience. *See* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1554 (2d ed. 1990) (noting that Rule 17 does not "indicate when the challenge should be made" and documenting that an objection should be made with "reasonable promptness"). The decision turns on the facts of each case and is within the discretion of the district court. *Id.* ("[T]he courts should be given the flexibility to treat the waiver question as one addressed to their discretion so that the issue can be determined in terms of what seems appropriate in a particular case."). The relevant factors for making this determination are when the defendant knew or should have known about the facts giving rise to the plaintiff's disputed status as a real party in interest; whether the objection was raised in time to allow the plaintiff a meaningful opportunity to prove its status; whether it was raised in time to allow the real party in interest a reasonable opportunity to join the action if the objection proved successful; and other case-specific considerations of judicial efficiency or fairness to the parties.

*In re Signal*, 579 F.3d at 488.

Pretermitting whether there is any validity in SESL's contention that World Fuel Services, Inc. is not the  proper party to this litigation, the Court first notes that SESL **itself** made a legal admission in its Response to Plaintiff's Statement of Undisputed Material Facts on July 12, 2011 (Doc. 54-2) that "SE Shipping Lines PTE GTD (SESL") and **World Fuel Service, Inc. ("WFS")** entered into agreements for the sale and purchase of bunkers for use on ship operated by sesl and agreed that WFS' General Terms and Conditions controlled those agreements." *Id.* at ¶ 1.  This admission would certainly weigh against SESL' present contention.  Furthermore, the materials upon which SESL  now relies to raise this real party in interest defense, that is the confirmations, have long been in the defendant's control and were presented to the Court in the context of prior motions.  Clearly, SESL had the necessary information to raise this issue long before now. Indeed, even the deposition testimony of Lori Cooperider concerning WFS's actions

was taken on April 15, 2011, more than a year ago.  Thus, SESL's motion is not " timely" as joinder of the real party in interest is not "practical and convenient" at this stage in these proceedings giving the facts and circumstances of this litigation.  As such the Court finds that SESL has waived this defense.

The Court notes that the two entities which issued the confirmations, World Fuel Services Europe Ltd. and World Fuel Services (Singapore) PTE Ltd., have assigned their claims to the present World Fuel defendant.  Having found that SESL has waived this defense, the Court need not determine whether the assignment vitiates the real party in interest issue.

The next issue presented is SESL' contention that World Fuel's claims, if any, are not maritime in nature because this suit is not one for non-payment of bunkers, rather it is solely for administrative fees and costs.  As such, SESL argues that there is no maritime jurisdiction.   This allegation is based on SESL' argument that World Fuels improperly re-allocated payments made by SESL for bunkers under the provisions of the Terms and Conditions.

First,  there are questions of fact concerning the allocations as previously noted in the Court's November ruling.  If any portion of the amount sought is for bunkers, then clearly there is maritime jurisdiction. There are material facts involved concerning this issue and summary judgment is not appropriate as World Fuel contends a substantial portion of the amount sought is for bunkers.  Furthermore, it appears to the Court that SESL's position rests on the analysis of cases brought pursuant to Rule C rather than Rule B, which rule is the basis alleged for maritime jurisdiction by World Fuels in this matter.  Thus, the Court will deny SESL motion as to maritime jurisdiction being unavailable and will require more extensive briefing on that issue with respect to **Rule B** in the parties' Pretrial Memoranda.

Finally, as to any contention that there is no subject matter jurisdiction under 28 U.S.C. § 1332(a)(2), the Court finds no merit in same as World Fuels is a Texas citizen and SESL is an alien, which means that diversity jurisdiction is present.  This matter shall proceed to trial as scheduled.  Accordingly,

**IT IS ORDERED** that  Motion to Vacate Attachment and to Dismiss This Lawsuit for Lack of Subject Matter Jurisdiction (Doc. 85) is **DENIED**.

**IT IS FURTHER ORDERED** that briefing on the availability of maritime jurisdiction pursuant to Rule B shall be more fully briefed in the parties' Pretrial Memoranda to be filed on July 27, 2012.

New Orleans, Louisiana, this 13th day of July, 2012.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**